IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

WILLIAM R. HAWORTH, SR.,    )
                                                  )
           Plaintiff,      )    Case No. 04-1613-KI
                                                  )
    vs.                          )    OPINION AND ORDER
                                                    )
JO ANNE B. BARNHART,        )
Commissioner of Social Security,  )
                                                  )
           Defendant.     )

       Kimberly K. Tucker
       950 N. E. 111th Avenue
       Portland, Oregon  97220-3159

              Attorney for Plaintiff

       Karin J. Immergut
       United States Attorney
       District of Oregon
       Neil J. Evans
       Assistant United States Attorney
       1000 S. W. Third Avenue, Suite 600
       Portland, Oregon  97204-2902

Page 1 - OPINION AND ORDER

Franco L. Becia
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, Washington 98104-7075

    Attorneys for Defendant

KING, Judge:

Plaintiff William Haworth brings this action pursuant to 42 U.S.C. § 405(g) and 1383(c)(3) of the Social Security Act to obtain judicial review of a final decision of the Commissioner denying his application for disability insurance benefits ("DIB") and supplemental security income benefits ("SSI"). The Commissioner has filed a Motion to Remand. I reverse the decision of the ALJ and remand for further proceedings.

## BACKGROUND

William Haworth filed applications for DIB and SSI on February 27, 1998, alleging disability since June 17, 1990. The applications were denied initially and upon reconsideration. Haworth timely requested a hearing. On October 4, 2002, the ALJ issued a decision finding that Haworth was disabled as of November 2, 2000. The Appeals Council upheld the finding of disability as of November 2, 2000, but remanded for a hearing on the period between June 17, 1990 and November 1, 2000. On May 28, 2004, the ALJ issued a new decision finding Haworth disabled as of February 18, 1998. That decision became the final decision of the Commissioner when the Appeals Council declined to review the decision of the ALJ on September 15, 2004.

## LEGAL STANDARDS

The Social Security Act (the "Act") provides for payment of DIB to people who have contributed to the Social Security program and who suffer from a physical or mental disability. 42 U.S.C. § 423(a)(1). In addition, under the Act, supplemental security income benefits ("SSI") may be available to individuals who are age 65 or over, blind, or disabled, but who do not have insured status under the Act. 42 U.S.C. § 1382(a).

The burden of proof to establish a disability rests upon the claimant. <u>Gomez v. Chater</u>, 74 F.3d 967, 970 (9th Cir.), <u>cert. denied</u>, 519 U.S. 881 (1996) (DIB); <u>Drouin v. Sullivan</u>, 966 F.2d 1255, 1257 (9th Cir. 1992) (SSI). To meet this burden, the claimant must demonstrate an inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to cause death or to last for a continuous period of at least twelve months. 42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A). An individual will be determined to be disabled only if his physical or mental impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A) and 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for either DIB or SSI due to disability. 20 C.F.R. §§ 404.1520 and 416.920; <u>Lester v. Chater</u>, 81 F.3d 821, 828 n.5 (9th Cir. 1996) (DIB); <u>Quang Van Han v. Bowen</u>, 882 F.2d 1453, 1456 (9th Cir. 1989) (SSI). First, the Commissioner determines whether the claimant is engaged in "substantial gainful activity." If the claimant is engaged in such activity, disability benefits are denied. Otherwise, the Commissioner proceeds to step two and

determines whether the claimant has a medically severe impairment or combination of impairments. A severe impairment is one "which significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520©) and 416.920©). If the claimant does not have a severe impairment or combination of impairments, disability benefits are denied.

If the impairment is severe, the Commissioner proceeds to the third step to determine whether the impairment is equivalent to one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d) and 416.920(d). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one that is presumed to be disabling, the Commissioner proceeds to the fourth step to determine whether the impairment prevents the claimant from performing work which the claimant performed in the past. If the claimant is able to perform work which he or she performed in the past, a finding of "not disabled" is made and disability benefits are denied. 20 C.F.R. §§ 404.1520(e) and 416.920(e).

If the claimant is unable to perform work performed in the past, the Commissioner proceeds to the fifth and final step to determine if the claimant can perform other work in the national economy in light of his or her age, education, and work experience. The burden shifts to the Commissioner to show what gainful work activities are within the claimant's capabilities. Distasio v. Shalala, 47 F.3d 348, 349 (9th Cir. 1995) (DIB); Drouin, 966 F.2d at 1257 (SSI). The claimant is entitled to disability benefits only if he is not able to perform other work. 20 C.F.R. §§ 404.1520(f) and 416.920(f).

When an individual seeks either DIB or SSI because of disability, judicial review of the Commissioner's decision is guided by the same standards. 42 U.S.C. §§ 405(g) and 1383©)(3). This court must review the case to see if the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable person might accept as adequate to support a conclusion. Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998). It is more than a scintilla, but less than a preponderance, of the evidence. Id.

Even if the Commissioner's decision is supported by substantial evidence, it must be set aside if the proper legal standards were not applied in weighing the evidence and in making the decision. Id. The court must weigh both the evidence that supports and detracts from the Commissioner's decision. Id. The trier of fact, and not the reviewing court, must resolve conflicts in the evidence, and if the evidence can support either outcome, the court may not substitute its judgment for that of the Commissioner. Id. at 720-21.

**FACTS**

I. <u>Haworth's History</u>

Haworth, a fifty-eight year-old, alleges that he has been disabled since June 17, 1990 due to bilateral wrist fractures, left ankle tendon injury secondary to an on-the-job injury, and back pain. In addition, Haworth testified to experiencing numbness and tingling in his fingers. Haworth has a high school education. He has worked as a gas station attendant, a cab driver, a truck driver, and a construction laborer.

II.     The ALJ's Decision

The ALJ found that Haworth suffers from osteoarthritis of the wrists and left ankle, borderline intellectual functioning, dysthymia and alcohol dependence in full sustained remission. However, the ALJ did not find that these impairments met or medically equaled the requirements of any of the impairments listed in Appendix 1, Subpart P of the Social Security Regulations. In addition, the ALJ found that Haworth's allegations regarding his limitations were not totally credible.

The ALJ determined that during the period beginning June 17, 1990 and ending February 17, 1998, Haworth was able to lift and carry 49.5 pounds frequently and up to 100 pounds occasionally, and could sit, stand and walk for up to six hours during an eight-hour day. He was limited to only occasional repetitive use of his wrists for the purpose of pushing, pulling, using hammers, and he required the use of a brace on his left ankle when using ladders. The ALJ concluded that Haworth could perform his past relevant work as a gasoline station attendant or a truck driver.

**DISCUSSION**

I.      Credibility Determination

Plaintiff objects to the ALJ's evaluation of Haworth's testimony, arguing that the ALJ should have accepted Haworth's testimony regarding his limitations. The Commissioner contends that the ALJ properly found that Haworth's allegations concerning his impairments and restrictions were not entirely credible.

When deciding whether to accept the subjective symptom testimony of a claimant, the ALJ must perform a two-stage analysis. In the first stage, the claimant must (1) produce

objective medical evidence of one or more impairments; and (2) show that the impairment or combination of impairments could reasonably be expected to produce some degree of symptom. Smolen v. Chater, 80 F.3d 1273, 1281-82 (9th Cir. 1996). The claimant is not required to produce objective medical evidence of the symptom itself, the severity of the symptom, or the causal relationship between the medically determinable impairment and the symptom. The claimant is also not required to show that the impairment could reasonably be expected to cause the severity of the symptom, but only to show that it could reasonably have caused some degree of the symptom. Id. at 1282.

In the second stage of the analysis, the ALJ must assess the credibility of the claimant's testimony regarding the severity of the symptoms. If there is no affirmative evidence of malingering, the ALJ may reject the claimant's testimony only if the ALJ makes specific findings stating clear and convincing reasons for the rejection, including which testimony is not credible and what facts in the record lead to that conclusion. Id. at 1284. While subjective pain testimony cannot be discredited solely because it is not corroborated by objective medical evidence, the medical evidence is nevertheless relevant when evaluating the severity of the claimant's pain. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

The ALJ found evidence that Haworth was malingering. The ALJ noted the consultative psychological evaluation performed by Joe Wood, Psy.D., on August 20, 2002, the results of which suggested malingering. As a result, the ALJ was not required to provide clear and convincing reasons for finding Haworth's testimony regarding his symptoms less than credible. In addition, the ALJ properly considered Haworth's recycling work, and food preparation and dishwashing while incarcerated, along with the fact that Haworth had not sought treatment for his

Page 7 - OPINION AND ORDER

depression and the fact that Haworth rarely took pain medication. These reasons are sufficient to find Haworth's complaints regarding his limitations were not entirely credible.

II.      Listing Determination

Haworth complains that the ALJ improperly rejected the opinion of Lawrence Cohen, M.D., in determining that Haworth did not meet Listing 1.02A or equal Listing 1.02B since 1990. The Commissioner responds that the ALJ identified a number of valid reasons for not accepting the opinion of Dr. Cohen.

The listings set out at 20 CFR pt. 404, subpt. P, App. 1 are "descriptions of various physical and mental illnesses and abnormalities, most of which are categorized by the body system they affect." Sullivan v. Zebley, 493 U.S. 521, 529-30 (1990). For a claimant to show that his impairment matches one of those listed, the impairment must meet all of the specified medical criteria. Id. at 530. Alternatively, a claimant may show that his unlisted impairment is "equivalent" to a listed impairment, but to do so he must present medical findings equal in severity to all the criteria for the one most similar listed impairment. Id. at 531. If a claimant's impairment matches or is equivalent to a listed impairment, he is presumed unable to work and is awarded benefits without a determination whether he can actually perform prior work or other work. Id. at 532.

Haworth asserts that the ALJ improperly rejected Dr. Cohen's opinion that his left ankle impairment met Listing 1.02A. First, the ALJ rejected Dr. Cohen's opinion because an x-ray of Haworth's left ankle evidenced no fracture and only minimal degenerative changes. However, Haworth points out that Dr. Cohen's opinion is based on his finding that a lateral ligament tear is the cause of Haworth's swollen ankle. As a result, the x-ray's depiction of Haworth's ankle is

irrelevant. In addition, the ALJ rejected Dr. Cohen's opinion because Haworth's daily activities undermined a finding that he experienced difficulty walking. Haworth argues that he testified he was unable to walk on uneven surfaces, climb stairs, or walk long distances, and that he must put his leg up three to four times a day. Haworth asserts there is no evidence he has exaggerated his physical symptoms.

Consistent with my finding above that the ALJ provided sufficient reasons for declining to fully accept Haworth's testimony and written statements regarding the extent of his limitations, the ALJ properly discounted Haworth's testimony that he was unable to walk on uneven ground, use stairs, and stand for one hour at a time. Accordingly, the ALJ's rejection of Dr. Cohen's opinion was warranted.

Dr. Cohen also opined that Haworth's wrist impairments equaled Listing 1.02B. The ALJ rejected this conclusion because he found Haworth's daily activities were contradictory. Haworth argues, however, that the ALJ erred in evaluating this opinion by looking at the criteria for meeting the Listing, as opposed to whether plaintiff's symptoms were medically equivalent to the criteria.

I find that the ALJ properly evaluated Dr. Cohen's medical opinion and Haworth's daily activities to conclude that Haworth's wrist limitations were not equal in severity to the listing criteria. The ALJ referenced exhibits 2F, 11F and 13F to find that Haworth was not unable to perform fine and gross movements effectively. I note that in exhibit 2F, Haworth reports that he does not write letters, but he believes *he could* if he had "something to say to people." Tr. 286 (emphasis added). He also reported he could vacuum for ten minutes at a time. These statements imply that his wrist limitations are not equal in severity to the listing criteria that he be

unable to perform fine and gross movements. Similarly, in his evaluation with Joe Wood, Psy.D, Haworth reported that he could cook for himself, and he could sweep, mop and vacuum. Tr. 439. Consistent with the ALJ's conclusion, Haworth's reports about his daily activities are inconsistent with a finding that his symptoms are equivalent in severity to Listing 1.02B.

The ALJ did not err in determining that Haworth did not meet or equal the listings.

III.     The Commissioner's Concessions Regarding Medical Evidence and Lay Witness Testimony

The Commissioner admits that Haworth's remaining arguments about the flaws in the ALJ's decision have merit. First, the Commissioner concedes that while the ALJ heavily relied on the opinion of Haworth's treating physician William M. Fallon, M.D., the ALJ neglected to consider all of the limitations Dr. Fallon identified. For example, the ALJ relied on the lifting restrictions recommended by Dr. Fallon, but failed to note that Dr. Fallon opined that even these weight restrictions would be difficult for Haworth.

However, the Commissioner does not respond to Haworth's argument that Dr. Fallon's later diagnoses of post-traumatic arthritis and osteoarthritis provide additional evidence that Dr. Fallon's initial opinion as to Haworth's capabilities was overly optimistic. I note that one of these later diagnoses occurred on April 2, 1998, and as a result it is not relevant; the period of time applicable to the ALJ's evaluation is between June 17, 1990 and February 27, 1998. See Tr. 280-83. Furthermore, it appears the ALJ did consider and adopt Dr. Fallon's March 1992 diagnoses of osteoarthritis of the wrists. See Tr. 364-66; Tr. 17. Accordingly, although the ALJ erred in not considering Dr. Fallon's entire opinion, that opinion is not undermined by any later diagnosis.

Second, the Commissioner admits that the ALJ did not specifically address the lay witness written statements from Ruby Haworth, plaintiff's wife, from William Haworth, Jr., plaintiff's son, from Rick Volk, plaintiff's friend, or from plaintiff's vocational rehabilitation counselor. Lay testimony is competent evidence which the ALJ must take into account unless he expressly states his reasons for disregarding the testimony. Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993).

IV.  Appropriate Remedy

As discussed above, the Commissioner concedes that the ALJ made errors in coming to the conclusion that plaintiff is not disabled. The parties disagree, however, as to whether the case should be remanded for further proceedings or for payment of benefits.

The court has the discretion to remand the case for additional evidence and findings or to award benefits. Smolen, 80 F.3d at 1292. The court should credit evidence and immediately award benefits if the ALJ failed to provide legally sufficient reasons for rejecting the evidence, there are no issues to be resolved before a determination of disability can be made, and it is clear from the record that the ALJ would be required to find the claimant disabled if the evidence is credited. Id. Generally the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings. Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981).

The Ninth Circuit's discussion of remanding for additional review in times where the ALJ has improperly discredited a medical opinion is equally applicable here where the ALJ failed to consider the whole opinion of Dr. Fallon. The Ninth Circuit has stated, "In cases where the testimony of the vocational expert has failed to address a claimant's limitations as established by improperly discredited evidence, we consistently have remanded for further proceedings

Page 11 - OPINION AND ORDER

rather than payment of benefits." Harman v. Apfel, 211 F.3d 1172, 1179 (9th Cir. 2000) (internal citations omitted). Although the ALJ heavily relied on Dr. Fallon's opinion, he did not account for all of the functional limitations identified by Dr. Fallon.

I have decided in this case that the ALJ erred by not adequately addressing Dr. Fallon's entire opinion, and by failing to specifically address the lay witness statements from Ruby Haworth, plaintiff's wife, from William Haworth, Jr., plaintiff's son, from Rick Volk, plaintiff's friend, or from plaintiff's vocational rehabilitation counselor. These errors, however, do not lead me to conclude that payment of benefits is the proper remedy. In the absence of testimony from a vocational expert, it is not clear whether Haworth is capable of performing past relevant work or other work existing in significant numbers in the national economy once Dr. Fallon's opinion and the lay witness statements are properly evaluated.

Therefore, because there are issues to be resolved before a determination of disability can be made, remand for further proceedings rather than for payment of benefits is the appropriate remedy.

## CONCLUSION

The decision of the Commissioner is reversed and defendant's motion for remand (#31) is granted. This action is remanded to the Commissioner under sentence four of U.S.C. § 405(g) for rehearing consistent with this opinion. Judgment will be entered.

IT IS SO ORDERED.

Dated this ___11th___ day of January, 2006.

           /s/ Garr M. King
           Garr M. King
           United States District Judge