IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| WILLIAM R. HAWORTH, SR., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No. 04-1613-KI |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

        Merrill Schneider
        Schneider Law Offices
        14415 S. E. Stark
        Portland, Oregon  97233

                Attorney for Plaintiff

        Karin J. Immergut
        United States Attorney
        District of Oregon
        Neil J. Evans
        Assistant United States Attorney
        1000 S. W. Third Avenue, Suite 600
        Portland, Oregon  97204

Page 1 - OPINION AND ORDER

Lucille G. Meis
Franco L. Becia
Social Security Administration
Office of the General Counsel
701 Fifth Avenue, Suite 2900, M/S 901
Seattle, Washington 98104-7075

     Attorneys for Defendant

KING, Judge:

Plaintiff William R. Haworth, Sr. successfully brought an action pursuant to 42 U.S.C. §
405(g) of the Social Security Act to obtain judicial review of a decision of an Administrative
Law Judge ("ALJ") denying his application for disability insurance benefits ("DIB") and
supplemental security income ("SSI"). Plaintiff's attorney, Merrill Schneider, seeks attorney fees
in the amount of $23,542.03 pursuant to 42 U.S.C. § 406(b).

## BACKGROUND

Plaintiff filed applications for SSI and DIB on February 27, 1998, alleging disability since
June 17, 1990. The applications were denied initially and upon reconsideration. Plaintiff sought
and obtained a hearing, after which the administrative law judge issued a decision finding
plaintiff disabled as of November 2, 2000. The Appeals Council upheld the finding of disability
as of November 2, 2000, but remanded for a hearing on the period between June 17, 1990 and
November 1, 2000. The ALJ issued a new decision finding plaintiff disabled as of February 18,
1998. That decision became the final decision of the Commissioner when the Appeals Council
declined to review the decision. Plaintiff filed a complaint in this court. The Commissioner
conceded errors in the ALJ's analysis of the medical evidence and lay witness testimony. I
granted the Commissioner's motion to remand for further proceedings.

Page 2 - OPINION AND ORDER

Plaintiff subsequently received a past-due benefit award of $119,184.80.  Plaintiff's attorneys have received $6,254.17 for their work at the administrative level under 42 U.S.C. § 406(a).  Schneider, who represented plaintiff before the court, stipulated to attorney fees in the amount of $2,193.25 under the Equal Access to Justice Act ("EAJA").

## LEGAL STANDARDS

The court may award "a reasonable fee" to an attorney for representing a claimant in court if the attorney obtains a "judgment favorable to a claimant." 42 U.S.C. § 406(b).  The "reasonable fee" must not be "in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." Id.

## DISCUSSION

Schneider seeks fees in the amount of $23,542.03, which represents less than 25 percent of the past-due benefits awarded to plaintiff, pursuant to 42 U.S.C. § 406(b).  Schneider points out that the fees received for work before the administrative agency ($6,254.17) plus the fees requested for the work performed before the court ($23,542.03) will equal exactly 25 percent of past-due benefits ($29,796.20).[1]  Schneider recognizes plaintiff will be refunded the $2,193.25 Schneider received pursuant to EAJA.  Schneider contends that $23,542.03 is a "reasonable fee" because such a contingency fee makes up for the risk of non-payment and represents a long and hard fought battle.

42 U.S.C. § 406 sets up a payment scheme for attorneys to obtain fees both at the administrative level and when representing a claimant in court.

---

[1]This is not required pursuant to Clark v. Astrue, 529 F.3d 1211 (9th Cir. 2008) (25 percent cap limits only attorney fee award for representation at court hearings, not the combined fees awarded for court and administrative-level representation).

Pursuant to statute, "[w]henever a court renders a judgment favorable to a claimant[,] . . . the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" 42 U.S.C. § 406(b)(1)(A).

In a separate statutory scheme, attorneys who represent claimants in Social Security proceedings may be entitled to EAJA fees, pursuant to 28 U.S.C. § 2412. A prevailing party may obtain fees if the government's position was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A). The fees are determined by the time spent on the case multiplied by the attorney's capped hourly rate. An attorney who receives fees for the same work under 42 U.S.C. § 406(b) and EAJA must refund the smaller fee. EAJA Amendments, Pub. L. No. 99-80, § 3, 99 Stat. 183, 186 (1985).

The Commissioner does not object to Schneider's fee request.

The Supreme Court explained how courts are to evaluate fee requests under 42 U.S.C. § 406(b). Courts should "approach fee determinations by looking first to the contingent-fee agreement" and then evaluate the reasonableness of the fee request. Gisbrecht v. Barnhart, 535 U.S. 789, 808 (2002). The court may reduce fees "based on the character of the representation and the results the representative achieved." Id. If the fee requested is large as compared with the benefits received, the court may reduce the fee. The court may consider the amount of time spent representing the claimant.

I have considered the contingent-fee agreement here. I have also considered the hours spent. Schneider neglected to submit a record of hours spent on the case, but asserts in the motion that plaintiff's attorneys expended 22.45 hours before the court. Schneider seeks, then, a

fee that would compensate him at $1,048.64 per hour.  In this case, the benefits are large in comparison to the small amount of time counsel spent on the case in court.  Furthermore, the Commissioner filed a Motion to Remand, conceding that the ALJ erred, and plaintiff's request to remand for a finding of disability was denied.

Accordingly, I will consider the amount of time spent on the case, using an average hourly rate and applying a multiplier to properly account for the risk of non-payment due to the character of contingency fee cases, to evaluate the reasonableness of the fee request.  Absent information as to the practitioner's average hourly rate, the most recent Economic Survey published by the Oregon State Bar is a good starting point.  Roberts v. Interstate Distributor Co., 242 F. Supp. 2d 850, 857 (D. Or. 2002).  The average billing rate for "other" practice areas[2] is $218 an hour.  Oregon State Bar, 2007 Economic Survey 31, available at http://www.osbar.org/_docs/resources/07EconSurvey.pdf.  To account for the only 36 percent chance of winning benefits in social security cases, a contingency multiplier of 2.78 (100/36) is warranted.  Furthermore, because typical Oregon attorneys more than make up for their contingency losses, in that they spend 15 percent of their time on such matters but obtain 17 percent of their income from contingency cases, application of a factor of 17/15 is also warranted.  This puts the social security attorney on equal footing with the average Portland attorney who takes cases under contingency.  In sum, the hourly rate to consider in comparing the hourly rate requested by Schneider here is $686.85 an hour ($218 x 2.78 x 17/15).

---

[2]Practice areas not including bankruptcy, business/corporate litigation or transactional, civil litigation, criminal, family law, real estate, tax, or workers' compensation are designated as "other" in the Survey.

Given the above considerations, Schneider's requested attorney fee award, which would compensate him at the rate of $1,048.64 per hour, is unreasonable.  Accordingly, I approve Schneider's fee request in the amount of $15,419.78, which represents $686.85 an hour for 22.45 hours.  Such an amount accounts for the time spent litigating the case, and ensures that plaintiff's past-due benefits are not eroded by the requests of the attorneys who worked on his behalf.

## CONCLUSION

For the foregoing reasons, plaintiff's Motion for Approval of Attorneys Fees Pursuant to 42 U.S.C. § 406(b) (#38) is granted in part and denied in part.  Plaintiff's attorney is entitled to an award of $15,419.78.  Plaintiff's attorney must refund his previously-awarded EAJA fee of $2,193.25.

IT IS SO ORDERED.

Dated this _____5th_____ day of November, 2008.


                                    ___/s/ Garr M. King_____
                                    Garr M. King
                                    United States District Judge